**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER LAWRENCE
HUGGETT,

    Defendant - Appellant.

No. 22-1084
(D.C. No. 1:18-CR-00334-CMA-GPG-1)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **PHILLIPS** and **MORITZ**, Circuit Judges.

_____

Christopher Lawrence Huggett pleaded guilty to one count of distributing a substance containing fentanyl resulting in death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He was sentenced to serve 168 months in prison. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government asserts that all the *Hahn* conditions have been satisfied because: (1) Mr. Huggett's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Huggett states that he does not object to the enforcement of the waiver and dismissal of his sentencing appeal. Based on Mr. Huggett's lack of objection and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Huggett's right to seek relief in a collateral proceeding on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam